**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 29 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAIME GARCIA-TORRES, | No.   15-73214 |
| Petitioner, | Agency No. A070-561-698 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 26, 2020[**]

Before:    McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Jaime Garcia-Torres, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT").  We have jurisdiction

under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's determination that Garcia-Torres failed to establish he suffered harm that rises to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive" (citation and internal quotation marks omitted)). We reject Garcia-Torres's contention that the agency should have considered harm to his step-brothers in its past persecution analysis. *See Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (past persecution based on harm to others requires showing that the persecution was part of "a pattern of persecution closely tied to" petitioner (citation and internal quotation marks omitted)). Substantial evidence also supports the agency's determination that Garcia-Torres failed to establish he would be persecuted on account of a protected ground, including membership in a family-based social group. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's

2                                                                                          15-73214

"desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Garcia-Torres's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Garcia-Torres failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Garcia-Torres's contentions that the agency violated his right to due process fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim); *see also Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000) (petitioner must overcome the presumption that BIA considered all relevant evidence).

As stated in the court's January 8, 2016 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**